Bjorn J. Holubar (BH-9691)
Christopher B. Turcotte (CT-0867)
575 Madison Avenue, 10th Floor
New York, New York 10022
1-516-446-1546 direct phone
1-646-417-6017 direct fax
1-646-334-8312 phone
1-212-605-4955 fax
bholubar@holubarlaw.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
BOTKIER, INC.,                                               :
                                                             :
                          Plaintiff,                         :     2007 CV 11043
                                                             :
-against-                                                    :     (Sullivan / Peck )
                                                             :
COSTCO WHOLESALE CORP., and                                  :
JANE & JOHN DOES 1-99,                                       :
                                                             :
                          Defendants.                        :
                                                             :
-------------------------------------------------------------X

## VERIFIED COMPLAINT & JURY DEMAND

Plaintiff, Botkier, Inc., ("Botkier" or "Plaintiff"), by its attorneys, as and for its

complaint against defendants, alleges upon information and belief:

## PARTIES

1.      Botkier is a New York corporation, having been incorporated under the

laws of New York, with its principle place of business located at: 13 Crosby Street, New

York, New York 10013.  Botkier is also known as Botkier Bags, Inc. and is in process of

a corporate name change with the New York Secretary of State.

1

2.    Costco Wholesale Corp. ("Costco") is a Washington corporation, having been incorporated under the laws of Washington, with its principle place of business located at 999 Lake Drive, Issaquah, Washington 98027.

3.    Upon information and belief, Costco is authorized to do business in the State of New York.

4.    Jane and John Does are defendants as of yet unidentified but those who participated, facilitated, or contributed to the actions and omissions of Costco as complained of herein.

## JURISDICTION & VENUE

5.    This Court has subject-matter jurisdiction over this case under laws of the United States; 28 U.S.C. §§ 1331 & 1338, and 15 U.S.C. §§ 1114, 1121 & 1125(a) Lanham Act 43(a).

6.    This Court has supplemental jurisdiction over state-law claims raised herein under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367, since these claims are joined with substantial and related claims brought under federal law.

7.    Venue is proper in this district under 28 U.S.C. § 1391 in that substantial part of the events or omissions giving rise to the claims herein occurred in this Judicial District.

## FACTS COMMON TO ALL COUNTS

8.    Prior to the complained-of-acts, defendants were aware of the goodwill represented and symbolized in Botkier's intellectual property, the public's recognition and reliance upon Botkier's intellectual property, and Botkier's intellectual property

having established secondary meaning in the eyes of the public and Botkier's economic benefit therefrom.

9.      As an established trademark registered with the United States Patent & Trademark Office, defendants knew of Botkier's BOTKIER® trademark and goodwill associated therewith. **EXHIBIT 1 – Botkier Trademark.**

10.      Defendants knew of BOTKIER's® copyrights and goodwill associated therewith.

11.      Defendants knew of BOTKIER's® products and the goodwill associated therewith.

12.      On or about October 29, 2007, Wishlist, a Connecticut based client of Botkier, informed Cynthia O'Connor & Cop. ("COC") that defendant Costco was carrying a designer ladies handbag advertised as Botkier's BOTKIER® BIANCA™.

13.      On or about October 29, 2007, COC, Botkier's exclusive United States distributor, informed Botkier that Costco was selling an imitation Botkier's BOTKIER® BIANCA™ product.

14.      Wishlist further informed COC, who in turn informed Botkier, that they would cancel their order for Botkier's BOTKIER® BIANCA™ product if Costco's sales were not stopped.

15.      On or about October 30, 2007, Defendant Costco verified that they carry a purported Botkier's BOTKIER® BIANCA™ designer ladies handbag in both "chocolate" and "black" colors in their Norwalk, Connecticut and Port Chester, New York facilities.

16.    Defendant Costco is offering an infringing and purported BOTKIER®
BIANCA™ ladies' handbag for almost 50% below retail price. **EXHIBIT 2 – Sales
Receipt. EXHIBIT 3 – Infringing Bag in Chocolate.**

17.    A purchase of the Costco infringing product indicates the use of Botkier's
name BOTKIER® trademark and likeness.

18.    COC has never sold Botkier's BOTKIER® BIANCA™ product, to
defendant Costco.

19.    On or about November 13, Skinmint Botkier's exclusive Asian distributor
informed Botkier that Costco was selling an imitation Botkier's BOTKIER® BIANCA™
product in at least one majority owned Costco store.

20.    Skinmint further informed Botkier, that they were advised by no less than
three (3) retail vendors who sold Botkier's BOTKIER® BIANCA™ product would
cancel their order for Botkier's BOTKIER® BIANCA™ product if Costco's sales were
not stopped.

21.    Skinmint has never sold Botkier's BOTKIER® BIANCA™ product, to
defendant Costco.

22.    Botkier has never sold any product, including its BOTKIER® BIANCA™
product, to defendant Costco.

23.    Botkier has been informed that defendant Costco's use of Botkier's name
and BOTKIER® trademark is causing confusion and diluting the name brand and distinct
qualities of the Botkier name and BOTKIER® trademark.

24.    Costco is offering a bag under the Botkier name and BOTKIER®
trademark without right or consent to use of either.

4

25.    Costco is offering an imitation counterfeit of Botkier's BOTKIER® BIANCA™ product without right or consent and passing it off as an original authentic Botkier product.

26.    On or about October 30 and November 16, 2007, Defendant Costco was requested to cease and desist its actions. **EXHIBIT 4 – Letters.**

27.    Defendant Costco continues to offer these infringing products for sale without right or privilege. **EXHIBIT 5 – Letters.**

28.    Defendants' actions and omissions are willful.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT BOTKIER® - 15 U.S.C. § 1114

29.    Botkier repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

30.    Botkier owns all property interests in, and enjoys all rights protected by federal and state trademark law with respect to Botkier's numerous trademarks, including and not limited to BOTKIER®.

31.    Botkier acquired its BOTKIER® trademarks, in good faith, by satisfying all applicable statutory requisites and by first utilizing them in commerce.

32.    Botkier promotes and advertises its services in association with its BOTKIER® trademark(s) throughout the United States and the world.

33.    Defendants use of Botkier's trademarks, *i.e.* BOTKIER®, is without right or authorization.

34.    Through their unauthorized use of Botkier's trademarks, defendants have caused and continue to cause a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of defendants and defendants' customers with Botkier.

35.    Defendants' use of Botkier's trademarks is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship, or approval of defendants' goods and services by Botkier.

36.    As a direct and proximate result of defendants' federal trademark infringement, Botkier has suffered great and irreparable damage, the full extent of which is currently unknown.

6

37.    Botkier will continue to suffer great and irreparable damage until defendants are enjoined by this Court.

## COUNT II
## <u>FEDERAL TRADEMARK COUNTERFEITING BOTKIER®- 15 U.S.C. § 1114</u>

38.    Botkier repeats and realleges the allegations contained in paragraphs 1-37 as if fully set forth herein.

39.    Botkier owns all property interests in, and enjoys all rights protected by federal and state trademark law with respect to Botkier's numerous trademarks, including and not limited to BOTKIER®.

40.    Botkier acquired its BOTKIER® trademarks, in good faith, by satisfying all applicable statutory requisites and by first utilizing them in commerce.

41.    Botkier promotes and advertises its services in association with its BOTKIER® trademark(s) throughout the United States and the world.

42.    Defendants at sometime without Botkier's consent or authorization h.

43.    Through their engaging in manufacturing, importing unauthorized use of Botkier's trademarks, defendants have caused and/or offering for sale the respective infringing products.

44.    Defendants' use of Botkier's trademarks is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship, or approval of defendants' goods and services by Botkier.

45.    As a direct and proximate result of defendants' federal trademark infringement, Botkier has suffered great and irreparable damage, the full extent of which is currently unknown.

46.    Botkier will continue to suffer great and irreparable damage until defendants are enjoined by this Court.

## COUNT III
## FEDERAL TRADEMARK COUNTERFEITING BIANCA™- 15 U.S.C. § 1114

47.    Botkier repeats and realleges the allegations contained in paragraphs 1-46 as if fully set forth herein.

48.    Botkier owns all property interests in, and enjoys all rights protected by federal and state trademark law with respect to Botkier's numerous trademarks, including and not limited to BOTKIER®.

49.    Botkier acquired its BOTKIER® trademarks, in good faith, by satisfying all applicable statutory requisites and by first utilizing them in commerce.

50.    Botkier promotes and advertises its services in association with its BOTKIER® trademark(s) throughout the United States and the world.

51.    Defendants at sometime without Botkier's consent or authorization h.

52.    Through their engaging in manufacturing, importing unauthorized use of Botkier's trademarks, defendants have caused and/or offering for sale the respective infringing products.

53.    Defendants' use of Botkier's trademarks is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship, or approval of defendants' goods and services by Botkier.

54.    As a direct and proximate result of defendants' federal trademark infringement, Botkier has suffered great and irreparable damage, the full extent of which is currently unknown.

8

55.    Botkier will continue to suffer great and irreparable damage until defendants are enjoined by this Court.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a) / Lanham Act § 43(a)

56.    Botkier repeats and realleges paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.    Defendants' use of the Botkier's BOTKIER® trademark and intellectual property *via* sale of the infringing product causes confusion to consumers, the retail public, and the wholesale trade resulting in their purchasing of such products believing that defendants are the source of the products, and/or that there is some association between Botkier and defendants and/or the products offered therefrom is authorized.

58.    As a result of the foregoing, defendants have falsely designated the origin of the products offered by defendants in violation of 15 U.S.C. § 1125(a) and Lanham Act § 43(a).

59.    Upon information and belief, defendants intend to continue its willful acts and to act in bad faith unless restrained by this Court.

60.    Defendants' acts have damaged and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT V
## TRADE DRESS INFRINGEMENT - BIANCA - 15 U.S.C. § 1125(a)/Lanham Act § 43(a)

61.    Botkier repeats and realleges paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.    Botkier trade dress is used in commerce, is non-functional, and is inherently distinctive having acquired secondary meaning in the trade and purchasing public.

63.    Defendants have distributed, advertised, promoted, sold and offered for sale, in commerce, ladies handbags consisting of or comprising designs that are identical to and/or confusingly similar to Botkier's trade dress designs as embodied in its BIANCA™ product.

64.    Defendants' conduct is intentionally calculated to deceive, and will deceive, consumers who recognize and associate Botkier's trade dress designs with defendants as the exclusive source thereof.

65.    Such conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the source of defendants' products, or as to a possible affiliation, connection, or association of defendants with Botkier and/or the products being sold by defendants with Botkier.

66.    Upon information and belief, by its acts, defendants have made and will make substantial profits and gains to which it is not in law or in equity entitled.

67.    Upon information and belief, defendants intend to continue its willfully infringing acts, and will continue to willfully infringe Botkier's rights and to act in bad faith, unless restrained by this Court.

68.    Defendants' acts have damaged and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT VI
### DILUTION - 15 U.S.C. § 1125(a) / New York General Business Law § 360-l

69.    Botkier repeats and realleges the allegations contained in paragraphs 1-68 as if fully set forth herein.

70.    Defendants' use of the Botkier name, BOTKIER® and BIANCA™ product *via* sale of the infringing designer handbag(s) is likely to cause confusion to consumers, the public, and the trade, resulting in their purchasing of such products believing that Botkier is the source of the products, and/or that there is some association between Botkier and Costco and/or the products offered therefrom, and/or that Botkier has sponsored or authorized defendants' otherwise unauthorized conduct.

71.    As a result of the foregoing, defendants have diluted the name and good will of Botkier's trademarks in violation of 15 U.S.C. § 1125(a) and Lanham Act § 43(a).

72.    Upon information and belief, defendants intend to continue its willful acts and to act in bad faith unless restrained by this Court.

73.    Defendants' acts have damaged and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT VII
## DECEPTIVE ACTS AND PRACTICES -New York General Business Law § 349

74.    Botkier repeats and realleges paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.    Defendants, without Botkier's authorization or consent, and having knowledge of Botkier 's intellectual property rights, have distributed, advertised, offered for sale and/or sold infringing products to the consuming public in violation of New York General Business Law § 349.

76.    Defendants' use of simulations of Botkier's intellectual property is likely to cause and is causing confusion, mistake and deception among the general purchasing

public as to the origin of defendants' infringing products, and is likely to deceive the public into believing that defendants' infringing products originate from, are associated with, or are otherwise authorized by Botkier.

77.     Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

78.     Defendants' acts have caused and will continue to cause Botkier irreparable harm unless enjoined by this Court for which there is no adequate remedy at law.

**COUNT VIII**
**COMMON LAW UNFAIR COMPETITION**

79.     Botkier repeats and realleges paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80.     Defendants' sale of their infringing product is likely to cause confusion in the marketplace between Botkier's goods and those of defendants, thus constituting an infringement of plaintiff's valuable common law rights.

81.     Defendants are deliberately and willfully misappropriating and diverting Botkier's valuable proprietary rights, as well as the attendant goodwill and reputation, thereby competing unfairly with Botkier.

82.     Upon information and belief, defendants' unfair competition has caused, and if allowed to continue, will continue to cause sales of Botkier's products to be lost and/or diverted to defendants. Defendants' unfair competition has caused substantial and irreparable damage and injury to Botkier and to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Botkier.

83.    Defendants' acts have caused irreparable damage and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT IX
## TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

84.    Botkier repeats and realleges paragraphs 1 through 83 of this Complaint as if fully set forth herein

85.    The defendants were under a duty to act with reason and not engage in conduct that would interfere with Botkier's contractual relations and pending economic expectancies.

86.    Defendants breached this duty and engaged in a course of conduct that injured Botkier's relations and ability to receive remuneration from other parties.

87.    Botkier is now threatened by no less than one (1) retail entity that they will now cancel the current orders should the sales at Costco not cease.

88.    Botkier is now threatened by no less than a one (1) other retail entity that they will now cancel the current orders should the sales at Costco not cease.

89.    Botkier is and will be injured as a result of defendants' actions.

90.    Botkier's injury will continue until remedy by this Court.

**WHEREFORE**, Botkier demands judgment against defendants, jointly and severably, as follows:

(a)  That defendants and all those acting in concert with them, including their agents and servants, be preliminarily and permanently enjoined from: (i) infringing any of Botkier's trademarks, including and not limited to BOTKIER®, (ii) infringing Botkier's trade dress, (iii) unfairly competing with plaintiff in any manner, (iv) engaging in false advertising, (v) engaging in deceptive conduct causing harm to the public;

(b)  That defendants and all those acting in concert with them, including their agents and servants, be preliminarily and permanently enjoined from manufacturing, vending, importing, distributing, selling, promoting or advertising any item being a copy, reproduction and/or colorable imitation of Botkier's BOTKIER® BIANCA™, or any product whose design infringes Botkier's trademark or is substantially similar to the product line protected by the trademark, including any other of defendants' products;

(c)  That defendants be required to recall all infringing items and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such infringing items;

(d)  That defendants be directed to account to Botkier for all gains, profits, and advantages derived from defendants' wrongful acts.

(e)  That defendants pay to plaintiff any damages sustained by Botkier by reason of defendants' purposefully wrongful acts, together with interest thereon.

(f)  That Botkier be awarded statutory damages and reasonable attorneys' fees;

(g)  That defendants pay as damage for its conduct alleged herein a sum equal to three times the amount of the actual damages suffered by Botkier;

(h)  That defendants pay to Botkier the costs, disbursements and reasonable attorney's fees associated with this action;

(i)  That Botkier be awarded pre-judgment interest on its judgment; and

(j)  That Botkier be awarded such additional and further relief as the Court deems just and proper.

14

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a jury trial is hereby demanded.

DATED: ~~November 9,~~ 2007

Respectfully submitted,

Bjorn J. Holubar, Esq. (BH-9691)
Christopher B. Turcotte (CT-0867)
1-516-446-1546 (direct phone)
1-646-334-8312 (phone)
1-646-417-6017 (fax)
575 Madison Ave - 10th Floor
New York, New York 10022
Attorney for Plaintiff

## **VERIFICATION**

STATE OF NEW YORK        )
COUNTY OF NEW YORK   )ss.:


Monica Botkier, being duly sworn, deposes and says:

I am the principal and founder of Plaintiff in the within action. I have read the foregoing Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
Monica Botkier

Sworn to before me this
___ day of November, 2007

## **TABLE OF EXHIBITS**

EXHIBIT 1 - Botkier Trademark

EXHIBIT 2 - Sales Receipt

EXHIBIT 3 - Infringing Bag in Chocolate

EXHIBIT 4 – Letters

EXHIBIT 5 – Letters

# EXHIBIT 1

Botkier Trademark



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Nov 3 04:04:14 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# BOTKIER

| | |
|---|---|
| **Word Mark** | **BOTKIER** |
| **Goods and Services** | IC 018. US 001 002 003 022 041. G & S: handbags; wallets. FIRST USE: 20060501. FIRST USE IN COMMERCE: 20060501 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78398441 |
| **Filing Date** | April 8, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A;1B |
| **Published for Opposition** | January 24, 2006 |
| **Registration Number** | 3187924 |
| **Registration Date** | December 19, 2006 |
| **Owner** | (REGISTRANT) Botkier Bags Inc. CORPORATION NEW YORK 5 Crosby Street, #4B New York NEW YORK 10013 |
| **Attorney of Record** | Amy F. Divino |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |



18





#326 PORT CHESTER

MEMBER #99

244194 MBRSHP FEE          50.00 A
       BOTKIER BAG

    SUBTOTAL
 A  7.375% TAX

    TOTAL                    461.70
VF  American Express         461.70
-------------------------------------
XXXXXXXXXXX1007
Seq#: 002907 Ref#: 589910    SWIPED
American Express     Resp: AA

    APPROVED
    AMOUNT: $461.70

    0326 006 0000000012 0026
-------------------------------------

CHANGE                        .00

TOTAL NUMBER OF ITEMS SOLD =    1
CASHIER: MARISOL
07/30/2007 11:15 0326 06 0026 12

    THANK YOU!
PLEASE COME AGAIN!

244194
BOTKIER
BIANCA MEDIUM SATCHEL
CHOCOLATE

379.99



# EXHIBIT 3

Infringing Bag in Chocolate



**EXHIBIT 4**
Letters

# BJORN J. HOLUBAR, Esq.

Attorneys & Counselors at Law

October 30, 2007

**Via Fax: _1-425-313-8114_**

Juliann Buron, Esq.
Legal Department
Costco Wholesale Corporation
999 Lake Drive
Issaquah, Washington 98027

*Re*: Trademark Infringement & Unfair Competition – Botkier Inc.'s

Dear Ms. Buron:

We represent Botkier, Inc.

It has come to our attention that you are selling products purporting to be Botkier's Bianca handbag (black & chocolate). Such sales infringe the name and reputation of our client.

Be advised, you are offering and selling a product that, upon investigation, appears to be an imitation of our clients' Bianca product. Such conduct is causing confusion in the marketplace; trades on the name of our client; passes your goods off as those of our client's; dilutes our client's name and reputation; and infringes on Botkier's trademarks.

You are requested to immediately remove all of the above identified products from your store forthwith. To further effect the same, you must:

1) immediately withdraw all advertising in any media using or otherwise referring to our client's name and handbag identified as "Bianca";

2) within 14 days, identify the source(s) of your infringing Bianca products, and

3) within 14 days, provide a full accounting of your infringing Bianca sales.

Should the above not be complied with as prescribed, equitable and legal action will be immediately initiated to enjoin and remedy further injury.

If you have any questions please do not hesitate to contact me.

Very truly yours,
Bjorn J. Holubar /s/
Bjorn J. Holubar
575 Madison Avenue, Suite 1006
New York, New York 10022
1-516-446-1546 (direct dial)
1-646-334-8312 (phone)
1-646-417-6017 (direct fax)



November 1, 2007

**BY FACSIMILE @ (646) 417-6017**
**AND UPS EXPRESS MAIL**

Mr. Bjorn J. Holubar
Attorney at Law
575 Madison Avenue, Suite 1006
New York, NY 10022

        **Re:    Botkier, Inc.**

Dear Mr. Holubar:

        I received your letter dated October 30, 20007 by facsimile on October 31, 2007.
I attempted to return your call yesterday, but you were unavailable.

        Costco does not knowingly purchase or resell counterfeit merchandise and
promptly investigates all allegations that the merchandise it has offered for sale is not
genuine. Costco believes that the Botkier merchandise it has sold is genuine. If you have
any information, which suggests that the merchandise in question is not in fact genuine,
please provide it to me as soon as possible. Costco will cooperate with you in any
reasonable manner to assure that it is not unknowingly selling merchandise that is not
genuine.

        Please contact me at your earliest convenience.

                        Very truly yours,

                        **COSTCO WHOLESALE**

                        Juliann M. Buron
                        Corporate Counsel



November 5, 2007

**BY FACSIMILE @ (646) 417-6017**
**AND UPS EXPRESS MAIL**

Mr. Bjorn J. Holubar
Attorney at Law
575 Madison Avenue, Suite 1006
New York, NY  10022

      **Re:**   **Botkier, Inc.**

Dear Mr. Holubar:

    As I stated in our telephone conference this morning, Costco is willing to review any evidence that you have regarding the allegations outlined in your letter dated October 30, 2007.  Despite our repeated requests, to date you have not provided any such evidence.

    Please feel free to contact me if you would like to discuss this matter.

            Very truly yours,

            **COSTCO WHOLESALE**

            Johann M. Buron
            Corporate Counsel

