Bjorn J. Holubar (BH-9691)
Christopher B. Turcotte (CT-0867)
575 Madison Avenue, 10th Floor
New York, New York 10022
1-516-446-1546 direct phone
1-646-417-6017 direct fax
1-646-334-8312 phone
1-212-605-4955 fax
bholubar@holubarlaw.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
BOTKIER, INC.,                                               :
                                                             :
                                                             :
                          Plaintiff,                         :      2007 CV
                                                             :
-against-                                                    :      (_____/_____)
                                                             :
COSTCO WHOLESALE CORP., and                                  :
JANE & JOHN DOES 1-99,                                       :
                                                             :
                          Defendants.                        :
                                                             :
-------------------------------------------------------------X

## 1st AMENDED VERIFIED COMPLAINT & JURY DEMAND

Plaintiff, Botkier, Inc., ("Botkier" or "Plaintiff"), by its attorneys, as and for its complaint against defendants, alleges upon information and belief:

### PARTIES

1.      Botkier, fka Botkier Bags, Inc., is a New York corporation, having been incorporated under the laws of New York, with its principle place of business located at: 13 Crosby Street, New York, New York 10013.

2.      Costco Wholesale Corp. ("Costco") is a Washington corporation, having been incorporated under the laws of Washington, with its principle place of business located at 999 Lake Drive, Issaquah, Washington 98027.

3.      Upon information and belief, Costco is authorized to do business in the State of New York, in various States in the United States, Tawain and Japan.

4.      Jane and John Does are defendants as of yet unidentified but those who participated, facilitated, or contributed to the actions and omissions of Costco as complained of herein.

## JURISDICTION & VENUE

5.      This Court has subject-matter jurisdiction over this case under laws of the United States; 28 U.S.C. §§ 1331 & 1338, and 15 U.S.C. §§ 1114, 1121 & 1125(a) Lanham Act 43(a).

6.      This Court has supplemental jurisdiction over state-law claims raised herein under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367, since these claims are joined with substantial and related claims brought under federal law.

7.      Venue is proper in this district under 28 U.S.C. § 1391 in that substantial part of the events or omissions giving rise to the claims herein occurred in this Judicial District.

## FACTS COMMON TO ALL COUNTS

8.      Prior to the complained-of-acts, defendants were aware of the goodwill represented and symbolized in Botkier's intellectual property, the public's recognition and reliance upon Botkier's intellectual property, and Botkier's intellectual property

having established secondary meaning in the eyes of the public and Botkier's economic benefit therefrom.

9.    As an established trademark registered with the United States Patent & Trademark Office, defendants knew of Botkier's BOTKIER® trademark and goodwill associated therewith. **EXHIBIT 1 – Botkier Trademark.**

10.    Defendants knew of BOTKIER's® copyrights and goodwill associated therewith.

11.    Defendants knew of BOTKIER's® products and the goodwill associated therewith.

12.    On or about October 29, 2007, Wishlist, a Connecticut based client of Botkier, informed Botkier that defendant Costco was carrying a designer ladies handbag advertised as BOTKIER's® BIANCA™.

13.    On or about October 30, 2007, Defendant Costco verified that they carry a purported BOTKIER's® BIANCA™ designer ladies handbag in both "chocolate" and "black" colors in their Norwalk, Connecticut and Port Chester, New York facilities.

14.    Botkier has never sold any product, including its BOTKIER® BIANCA™ product, to defendant Costco.

15.    Botkier's exclusive United States distributor, Cynthia O'Connor & Company, has never sold any BOTKIER® product, including the BOTKIER® BIANCA™ product, to defendant Costco.

16.    Defendant Costco is offering an infringing and purported BOTKIER® BIANCA™ ladies' handbag for almost 50% below retail price. **EXHIBIT 2 – Sales Receipt.**

17.     Botkier has been informed by a retail vendor that it must immediately redress defendant Costco's conduct or the retail vendor will cancel its orders for BOTKIER's® products. **EXHIBIT 3 – Infringing Bag in Chocolate.**

18.     A purchase of the Costco infringing product indicates the use of Botkier's name BOTKIER® trademark and likeness

18a.    Review of the infringing product depicts a color offered by Botkier that was only produced in the chocolate brown color in Botkier's "pre-fall" production line of June 2007.

18b.    Within each BOTKIER® BIANCA™ handbag, is an inner pocket, and in that pocket should be a lavender colored envelope containing a plastic, lavender-colored authentication card which identifies the handbag's serial number.

18b.    Based on the serial number contained on the infngring handbag's authentication card – and assuming best case scenarion that the bag, envelope and authentication card are genuine and have not been doctored or fabricated (which is suspect based on the discoloration of the envelope, card and handbag) there is serious concern that the infringing handbag, if a true BOTKIER® BIANCA™ handbag would have been created at the time of Botkier's "pre-fall" production in June 2007.

18c.    However, upon closer inspection of the Costco handbag, it is clearly noticeable that the infringing handbag possesses an interior, metal zipper with a discontinued Botkier logo.  The logo contained on the zipper was *discontinued by Botkier after our spring production*.  To the extent that this discontinued zipper is now found on a handbag from our subsequent, June 2007 "pre-fall" production line, this is clear that such a handbag, at best, may only have been sold to one of our retailtween the ers at a

discounted rate for the sole purpose of being "floor sample handbag", to be strictly used for display purposes only, and never intended to be sold to the public as the quintessential BOTKIER® BIANCA™ handbag.  In contrast, the Botkier handbag possesses the appropriate metal zipper for the "pre-fall" production line.

18d.    In addition to this initial obvious distinction, it is apparent and easy to discern subtle differences between the BOTKIER® BIANCA™ and infringing handbags in the: 1) coloring of the two (2) handbags' authentication cards; 2) the small envelopes that contain the authentication cards, and 3) even the handbags themselves – the BOTKIER® BIANCA™ handbag having a richer, darker, chocolate coloring and the infringing handbag having a slightly lighter, milk chocolate coloring – all of which would, at best, be consistent with the infringing handbag being a "sample" display handbag.

18e.    Finally, the two (2) handbags have distinctive BOTKIER® hang-tags in terms of size, coloring and design.  The BOTKIER® BIANCA™ handbag has a hang-tag that was rolled out with the June 2007 "pre-fall" production, whereas the infringing handbag has a tag that was phased out prior to the spring 2007 production line.

18f.    Upon information and belief the infringing handbag should be proven to be a counterfeit article.

19.     Botkier has been informed that defendant Costco's use of Botkier's name and BOTKIER® trademark is causing confusion and diluting the name brand and distinct qualities of the Botkier name and BOTKIER® trademark.

20.     Costco is offering a bag under the Botkier name and BOTKIER® trademark without right or consent to use of either.

21. Costco is offering an imitation of Botkier's BIANCA™ bag without right or consent and passing it off as a Botkier product – particularly the BOTKIER® BIANCA™.

22. On or about October 30, 2007, Defendant Costco was requested to cease and desist its actions. **EXHIBIT 4 – Letter.**

23. Defendant Costco continues to offer these infringing products for sale without right or privilege. **EXHIBIT 5 – Letters.**

24. Defendants' actions and omissions are willful.

## COUNT I
## FEDERAL TRADEMARK INRINGEMENT - 15 U.S.C. § 1114

25. Botkier repeats and realleges the allegations contained in paragraphs 1-24 as if fully set forth herein.

26. Botkier owns all property interests in, and enjoys all rights protected by federal and state trademark law with respect to Botkier's numerous trademarks, including and not limited to BOTKIER®.

27. Botkier acquired its BOTKIER® trademarks, in good faith, by satisfying all applicable statutory requisites and by first utilizing them in commerce.

28. Botkier promotes and advertises its services in association with its BOTKIER® trademark(s) throughout the United States and the world.

29. Defendants use of Botkier's trademarks, *i.e.* BOTKIER®, is without right or authorization.

30. Through their unauthorized use of Botkier's trademarks, defendants have caused and continue to cause a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of defendants and defendants' customers with Botkier.

31. Defendants' use of Botkier's trademarks is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship, or approval of defendants' goods and services by Botkier.

32. As a direct and proximate result of defendants' federal trademark infringement, Botkier has suffered great and irreparable damage, the full extent of which is currently unknown.

33. Botkier will continue to suffer great and irreparable damage until defendants are enjoined by this Court.

## COUNT II
## FEDERAL TRADEMARK COUNTERFEITING - 15 U.S.C. § 1114

34. Botkier repeats and realleges the allegations contained in paragraphs 1-33 as if fully set forth herein.

35. Botkier owns all property interests in, and enjoys all rights protected by federal and state trademark law with respect to Botkier's numerous trademarks, including and not limited to BOTKIER®.

36. Botkier acquired its BOTKIER® trademarks, in good faith, by satisfying all applicable statutory requisites and by first utilizing them in commerce.

37. Botkier promotes and advertises its services in association with its BOTKIER® trademark(s) throughout the United States and the world.

38. Defendants at sometime without Botkier's consent or authorization h.

39. Through their engaging in manufacturing, importing unauthorized use of Botkier's trademarks, defendants have caused and/or offering for sale the respective infringing products.

40. Defendants' use of Botkier's trademarks is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship, or approval of defendants' goods and services by Botkier.

41. As a direct and proximate result of defendants' federal trademark infringement, Botkier has suffered great and irreparable damage, the full extent of which is currently unknown.

42. Botkier will continue to suffer great and irreparable damage until defendants are enjoined by this Court.

## COUNT III
### PASSING OFF - 15 U.S.C. § 1125(a) / Lanham Act § 43(a)

43. Botkier repeats and realleges the allegations contained in paragraphs 1-342 as if fully set forth herein.

44. Defendants' use of the Botkier name, BOTKIER® and BIANCA™ product *via* sale of the infringing designer handbag(s) is likely to cause confusion to consumers, the public, and the trade, resulting in their purchasing of such products believing that Botkier is the source of the products, and/or that there is some association between Botkier and Costco and/or the products offered therefrom, and/or that Botkier has sponsored or authorized defendants' otherwise unauthorized conduct.

45. As a result of the foregoing, defendants have passed off their own products as that of Botkier's in violation of 15 U.S.C. § 1125(a) and Lanham Act § 43(a).

46. Upon information and belief, defendants intend to continue its willful acts and to act in bad faith unless restrained by this Court.

47. Defendants' acts have damaged and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT IV
### DILUTION - 15 U.S.C. § 1125(a) / New York General Business Law § 360-l

48. Botkier repeats and realleges the allegations contained in paragraphs 1-47 as if fully set forth herein.

49. Defendants' use of the Botkier name, BOTKIER® and BIANCA™ product *via* sale of the infringing designer handbag(s) is likely to cause confusion to

consumers, the public, and the trade, resulting in their purchasing of such products believing that Botkier is the source of the products, and/or that there is some association between Botkier and Costco and/or the products offered therefrom, and/or that Botkier has sponsored or authorized defendants' otherwise unauthorized conduct.

50. As a result of the foregoing, defendants have diluted the name and good will of Botkier's trademarks in violation of 15 U.S.C. § 1125(a) and Lanham Act § 43(a).

51. Upon information and belief, defendants intend to continue its willful acts and to act in bad faith unless restrained by this Court.

52. Defendants' acts have damaged and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT V
## FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a) / Lanham Act § 43(a)

53. Botkier repeats and realleges paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. Defendants' use of the Botkier's trademark and intellectual property *via* sale of the infringing product causes confusion to consumers, the retail public, and the wholesale trade resulting in their purchasing of such products believing that defendants are the source of the products, and/or that there is some association between Botkier and defendants and/or the products offered therefrom is authorized.

55. As a result of the foregoing, defendants have falsely designated the origin of the products offered by defendants in violation of 15 U.S.C. § 1125(a) and Lanham Act § 43(a).

56. Upon information and belief, defendants intend to continue its willful acts and to act in bad faith unless restrained by this Court.

57.     Defendants' acts have damaged and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT VI
## TRADE DRESS INFRINGEMENT - 15 U.S.C. § 1125(a) / Lanham Act § 43(a)

58.     Botkier repeats and realleges paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59.     Botkier trade dress is used in commerce, is non-functional, and is inherently distinctive having acquired secondary meaning in the trade and purchasing public.

60.     Defendants have distributed, advertised, promoted, sold and offered for sale, in commerce, ladies handbags consisting of or comprising designs that are identical to and/or confusingly similar to Botkier's trade dress designs.

61.     Defendants' conduct is intentionally calculated to deceive, and will deceive, consumers who recognize and associate Botkier's trade dress designs with defendants as the exclusive source thereof.

62.     Such conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the source of defendants' products, or as to a possible affiliation, connection, or association of defendants with Botkier and/or the products being sold by defendants with Botkier.

63.     Upon information and belief, by its acts, defendants have made and will make substantial profits and gains to which it is not in law or in equity entitled.

64.     Upon information and belief, defendants intend to continue its willfully infringing acts, and will continue to willfully infringe Botkier's rights and to act in bad faith, unless restrained by this Court.

65. Defendants' acts have damaged and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

66. Botkier repeats and realleges paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. Defendants' sale of their infringing product is likely to cause confusion in the marketplace between Botkier's goods and those of defendants, thus constituting an infringement of plaintiff's valuable common law rights.

68. Defendants are deliberately and willfully misappropriating and diverting Botkier's valuable proprietary rights, as well as the attendant goodwill and reputation, thereby competing unfairly with Botkier.

69. Upon information and belief, defendants' unfair competition has caused, and if allowed to continue, will continue to cause sales of Botkier's products to be lost and/or diverted to defendants. Defendants' unfair competition has caused substantial and irreparable damage and injury to Botkier and to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Botkier.

70. Defendants' acts have caused irreparable damage and will continue to damage Botkier for which there is no adequate remedy at law.

## COUNT VIII
## DECEPTIVE ACTS AND PRACTICES -New York General Business Law § 349

71. Botkier repeats and realleges paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. Defendants, without Botkier's authorization or consent, and having knowledge of Botkier's intellectual property rights, have distributed, advertised, offered for sale and/or sold infringing products to the consuming public in violation of New York General Business Law § 349.

73. Defendants' use of simulations of Botkier's intellectual property is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of defendants' infringing products, and is likely to deceive the public into believing that defendants' infringing products originate from, are associated with, or are otherwise authorized by Botkier.

74. Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

75. Defendants' acts have caused and will continue to cause Botkier irreparable harm unless enjoined by this Court for which there is no adequate remedy at law.

## COUNT IX
## TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

76. Botkier repeats and realleges paragraphs 1 through 75 of this Complaint as if fully set forth herein

77. The defendants were under a duty to act with reason and not engage in conduct that would interfere with Botkier's contractual relations and pending economic expectancies.

78. Defendants breached this duty and engaged in a course of conduct that injured Botkier's relations and ability to receive remuneration from other parties.

79. Botkier is now threatened by no less than one (1) retail entity that they will now cancel the current orders should the sales at Costco not cease.

80. Botkier is now threatened by no less than a one (1) other retail entity that they will now cancel the current orders should the sales at Costco not cease.

81. Botkier is and will be injured as a result of defendants' actions.

82. Botkier's injury will continue until remedy by this Court.

**WHEREFORE**, Botkier demands judgment against defendants, jointly and severably, as follows:

(a) That defendants and all those acting in concert with them, including their agents and servants, be preliminarily and permanently enjoined from manufacturing, vending, importing, distributing, selling, promoting or advertising any item being a copy, reproduction and/or colorable imitation of Botkier's BOTKIER® BIANCA™, or any product whose design infringes Botkier's trademark or is substantially similar to the product line protected by the trademark, including any other of defendants' products;

(b) That defendants and all those acting in concert with them, including their agents and servants, be preliminarily and permanently enjoined from: (i) infringing any of Botkier's trademarks, including and not limited to BOTKIER®, (ii) infringing Botkier's trade dress, (iii) unfairly competing with plaintiff in any manner, (iv) engaging in false advertising, (v) engaging in deceptive conduct causing harm to the public;

(c) That defendants be required to recall all infringing items and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such infringing items;

(d) That defendants be directed to account to Botkier for all gains, profits, and advantages derived from defendants' wrongful acts.

(e) That defendants pay to plaintiff any damages sustained by Botkier by reason of defendants' purposefully wrongful acts, together with interest thereon.

(f) That Botkier be awarded statutory damages and reasonable attorneys' fees;

(g) That defendants pay as damage for its conduct alleged herein a sum equal to three times the amount of the actual damages suffered by Botkier;

(h) That defendants pay to Botkier the costs, disbursements and reasonable attorney's fees associated with this action;

(i) That Botkier be awarded pre-judgment interest on its judgment; and

(j) That Botkier be awarded such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a jury trial is hereby demanded.

DATED: December 9, 2007             Respectfully submitted,
                                                        Bjorn J. Holubar /s/
                                        _____
                                        Bjorn J. Holubar, Esq. (BH-9691)
                                        Christopher B. Turcotte (CT-0867)
                                        1-516-446-1546 (direct phone)
                                        1-646-334-8312 (phone)
                                        1-646-417-6017 (fax)
                                        575 Madison Ave - 10th Floor
                                        New York, New York 10022
                                        Attorney for Plaintiff

**VERIFICATION**

STATE OF NEW YORK      )
COUNTY OF NEW YORK  )ss.:

    Monica Botkier, being duly sworn, deposes and says:

    I am the principal and founder of Plaintiff in the within action. I have read the foregoing Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

/s/

_____
Monica Botkier

Sworn to before me this
9th day of December, 2007
        /s/

_____
    Notary Public